United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-11001
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JEFFREY THOMAS GEORGE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-255-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jeffrey Thomas George appeals his conviction and sentence for fraud and related activity in connection with computers in violation of 18 U.S.C. § 1030(a)(4). George argues that the district court erred in finding that his estranged wife, Kay, had common authority to consent to a search of a tub found in the attic of her residence containing incriminating evidence against him. He contends that he had a reasonable expectation of privacy in the contents of the tub as evidenced by his actions.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kay had exclusive and private use and possession of the residence, including the attic, pursuant to a state court order. The tub was found in the attic among other tubs containing Christmas decorations and items belonging to both Kay and George. The tub was unsealed, unmarked, and unlocked. Further, George left the residence in January 2005 and never attempted to enter the attic to retrieve any of his belongings.

George did not exhibit an expectation of privacy in the attic or the tub. See United States v. Shelton, 337 F.3d 529, 536-37 (5th Cir. 2003). Therefore, Kay George had common authority to consent to the search of the attic, including the tub. Id. Accordingly, the judgment of the district court is AFFIRMED.